UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARLOS ORTIZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:23-cv-00052-TWP-MJD |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Order Dismissing Motion to Vacate, Set Aside, or Correct Sentence
and Denying a Certificate of Appealability**

Now before the Court is Petitioner Carlos Ortiz's second motion to vacate pursuant to 28 U.S.C. § 2255. Dkt. 1. For the reasons that follow, Mr. Ortiz's second petition is **dismissed** for lack of jurisdiction, and a Certificate of Appealability **shall not issue**.

### I. Legal Standard

Federal district courts may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2255 when a prisoner demonstrates their sentence "was imposed in violation of the Constitution or laws of the United States, or that the [sentencing] court was without jurisdiction to impose such a sentence, or that the sentence [imposed] was in excess of the maximum authorizes by law, or [that their sentence] is otherwise subject to collateral attack." 28 U.S.C. § 2255. District courts are authorized to screen and, if necessary, dismiss petitions that lack merit. *See* Rule 4(b) of Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party).

## II. Background

Mr. Ortiz pled guilty to one count of interference with commerce by robbery, one count of brandishing a firearm in relation to a crime of violence, and one count of being a felon in possession of a firearm. *United States v. Ortiz*, No. 1:12-cr-32-TWP-DKL-01 (S.D. Ind. Oct. 31, 2013) ("Crim. Dkt.") (Dkt. 26). He was sentenced to 121 months in prison, representing 37 months on the robbery charge, a concurrent sentence of 30 months on the felon in possession charge, and a mandatory consecutive term of 84 months, the statutory minimum under 18 U.S.C. § 924(c) for brandishing a firearm in relation to a crime of violence. *Id.* He was also sentenced to 5 years of supervised release. *Id.*

In 2016, Mr. Ortiz filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255. *See* Crim Dkt. 42; *Ortiz v. United States*, No. 1:16-cv-1580-TWP-TAB, dkt. 1 (S.D. Ind. June 22, 2016). The Court denied his petition on the merits, and final judgment was entered. *Id.* at dkts. 17, 18. Mr. Ortiz now moves again to vacate his conviction and sentence under § 2255. Dkt. 1.

## III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") places restrictions on successive motions under 28 U.S.C. § 2255. *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996); *see also In re Davenport*, 147 F.3d 605 (7th Cir. 1998). One of these restrictions is that a defendant usually only gets one opportunity under § 2255 to bring a challenge to their sentence, *see Adams v. United States*, 911 F.3d 397, 403 (7th Cir. 2018), so long as the merits of the petition are ruled on. *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999); *see also* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A). After that, district courts lack jurisdiction to hear successive petitions, and the defendant can only proceed if they obtain permission from the Court of Appeals. *Adams*, 911

F.3d at 403 ("[AEDPA] requires a prisoner to receive the prior approval of the Court of Appeals before filing a second or successive motion under § 2255."); *In re Page*, 170 F.3d at 661 ("A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for the filing."); *Nunez*, 96 F.3d at 991 ("No matter how powerful a petitioner's showing, only [the Court of Appeals] may authorize the commencement of a second or successive petition.").

Here, Mr. Ortiz's second § 2255 petition must be dismissed for lack of jurisdiction. He previously filed a § 2255 petition, the Court denied that motion on the merits, and Mr. Ortiz has not obtained permission from the Seventh Circuit to pursue a second or successive petition. The petition now before the Court must therefore be dismissed for lack of jurisdiction. *See* 28 U.S.C. § 2255(h); § 2244(b)(3)(A); *see also In re Page*, 170 F.3d at 661.

## IV. Conclusion

For those reasons, this action is **dismissed for lack of jurisdiction**. Judgment consistent with this Order shall now issue and **a copy of this Order shall be docketed** in *United States v. Ortiz*, No. 1:12-cr-32-TWP-DKL-01. The motion to vacate in the underlying criminal action, Crim. Dkt. [50], shall also be **terminated**.

## V. Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Petitioner has failed to show that reasonable jurists

would find it "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  The Court therefore **denies** a certificate of appealability.

   **SO ORDERED**.

   Date: 2/7/2023

*[signature]*

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

CARLOS ORTIZ
5594 Scarlet Terr.
Indianapolis, IN 46224